FEB 7 2022 PM3:18
FILED - USDC - BPT - CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

Ralph Frascatore,

                Plaintiff,

       -against-

WILMINGTON SAVINGS FUND SOCIETY,
FSB, NOT IN ITS INDIVIDUAL CAPACITY
BUT SOLELY IN ITS CAPACITY AS
OWNER TRUSTEE OF MATEWAN
VENTURES TRUST SERIES 2018-1;
WILMINGTON SAVINGS FUND SOCIETY,
FSB, AS OWNER TRUSTEE OF THE
RESIDENTIAL CREDIT OPPORTUNITIES
TRUST V-D; BANK OF AMERICA, N.A., AS
SERVICER; FEDERAL NATIONAL
MORTGAGE ASSOCIATION (FANNIE
MAE), AS OWNER; KEITH KEATING
FULLER, ESQ.; JUDGE WALTER M.
SPADER, and UNKNOWN OTHERS, *et. al.*,

                Defendant(s).

Case No. 3:22 cv 212 (AVC)

**Civil Complaint
for Void Judgment
Under Color of Law
Pursuant to
42 U.S.C. § 1983, *et. seq.***

**Trial by Jury Demanded**

_____

## NATURE OF THE ACTION

    **COMES NOW** Ralph Frascatore, hereinafter "Plaintiff", to invoke this Court's

jurisdiction for a verified Civil Complaint seeking remedy and relief from the promulgation of a

void judgment in the Connecticut State Superior Court for the County of Fairfield at Bridgeport

that was procured by the Defendants, and each of them named herein, in violation of 42 U.S.C. §

1983, *et. seq.*

    This is an action in equity that seeks to be provided an appropriate remedy and relief to

Plaintiff, who was adversely affected by such void judgment. The corporate entity Defendants

who are identified herein as WILMINGTON SAVINGS FUND SOCIETY FSB were the

1

Plaintiff in the foreclosure case initiated by them without Standing in the Connecticut Superior Court that as a matter of law must be rendered void. Defendant(s) KEITH KEATING FULLER, ESQ. was the Attorney representing the Plaintiff who fraudulently procured the void judgment and Judge Walter M. Spader was the presiding judge for the foreclosure case who rendered the void judgment from lack of jurisdiction.

Plaintiff respectfully makes a verified claim of void judgment to this Honorable Court based upon the reasonable belief garnered from corroborative proof that is included herein as exhibits which prove the fact that the Defendant who garnered the Strict Foreclosure judgment in the Connecticut Superior Court is not the true party in interest with proper Standing to invoke the State Court's jurisdiction and without jurisdiction the judge's ruling in that case is void on its face and must be vacated. It is for this reason that Plaintiff brings this matter to the United States District Court for the District of Connecticut from being deprived of the constitutional right of equal protection of the law under color of law.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, 1343, 1345, 1361 & 1367;

1. 42 U.S.C. § 1983 (Deprivation of Rights Under Color of Law);

2. 42 U.S.C. § 1985(3) (Conspiracy to Interfere with Civil Rights), 1986 and 1988 (Proceedings in vindication of Civil Rights);

2. This action is also authorized and instituted pursuant to 42 U.S.C. §§ 1981(a) & 1982.

3. Jurisdiction of the Court for the pendent claims is authorized by FRCP Rule 1 and arises under the Doctrine of Pendent Jurisdiction as set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

4. 28 U.S.C. 41(14), Suits to redress deprivation of Civil Rights. Of all suits at law or in equity authorized by law to be brought by any person to redress the deprivation, under color of any law, statute, ordinance, regulation, custom or usage, of any State, or any right, privilege or immunity secured by any law of the United States providing for equal rights of citizens of the United States, or of all persons within the jurisdiction of the United States.

5. It is well settled that a judge who acts in the absence of subject matter jurisdiction is purged of immunity and may be held liable for his/her unlawful judicial acts pursuant to *Stump v. Sparkman*, 435 U.S. 349; 98 S. Ct. 1099; 55 L. Ed. 2d 331 (1978), and *Bradley v. Fisher*, 80 U.S. (13 Wall) 335; 20 L. Ed. 646 (1872), and that is why Judge Walter M. Spader is being named as a proper Party Defendant.

6. Plaintiff respectfully invokes the ruling held in *Conley v. Gibson*, 355 U.S. 41 (1957) which states in part that the Federal Rules of Civil Procedure do not require a Claimant to set out in detail the facts upon which he bases his claim. *Id.* 47-48.

7. Plaintiff also respectfully invokes the ruling held in *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) which states in part that a "*pro se* Complaint seeking to recover damages for claimed physical injuries and **deprivation of rights** in imposing disciplinary confinement should not have been dismissed without affording him the opportunity to present evidence on his claims."

8. Plaintiff also respectfully reminds the Court that the ruling held in *Haines v. Kerner* (92 S. Ct. 595; 30 L. Ed. 2d 652) stated that pro se litigant's pleadings should be held to "less stringent standards" than those drafted by Attorneys.

3

## PRELIMINARY STATEMENT

9.  The fraudulent practices utilized by the WILMINGTON Defendants to procure a
    judgment that is void based upon fraud upon the Court perpetrated by their Attorney,
    Defendant Keith Keating Fuller, were committed within the venue and jurisdiction of
    the United States District Court for the District of Connecticut.

10. As Officers of the Court, Defendant's Agent Attorney(s) are effectively acting as
    State Actors even though **State law does not require that Defendant(s) be an
    Officer of the State, private individuals may only be liable for their conduct
    under § 1983 when they are willful participants in joint activity with the State or
    its Agents.** (*Ciambriello v. County of Nassau*, 292 F.3d 307, 323 [2d Cir. 2002]).

11. It is Plaintiff's contention that the Defendant(s), and each of them, effectuated the
    facilitation of a foreclosure proceeding that was done under the Color of State Law in
    violation of his constitutional Rights, and Plaintiff believes that there are justifiable
    causes of action as provided for by congressional legislation that is codified in Title
    42 § 1983 *et. seq.* to seek redress of grievance and remedy for damages with
    equitable relief.

12. Courts have repeatedly noted that the Congressionally legislated Statute Title 42
    U.S.C. § 1983, *et. seq.* creates a species of tort liability.

13. These rules, defining the elements of damages and the prerequisites for their
    recovery, provide the appropriate starting point for the inquiry under 42 § 1983 as
    well.

14. Plaintiff hereby makes a short and plain statement entitling the relief being sought in
    accordance with FRCP Rule 8(a) to verifiably allege the fact that the *State Action*

4

claim Plaintiff makes in this Complaint goes to the fact that the Defendant(s) used a State authorized foreclosure proceeding under Color of Law to fraudulently deprive me of my constitutionally protected rights.

15. Also, in accordance with FRCP Rule 9(b) Plaintiff has specified with particularity that the Defendant(s), and each of them, have perpetrated fraud in the *factum*, fraudulent conversion, fraud upon the Court, fraud in the conveyance of Plaintiff's property, and fraud with malicious intent under the Color of State Law, as evidenced by the facts, points of law and Exhibits attached as part and parcel of this Verified Complaint.

16. Defendant Agent Attorney(s) are Officers of the Court, and any civil proceeding they use to invoke the power of the Court so as to deprive Plaintiff of constitutionally protected rights would promptly be effectuated by such Court without question because of their status.

17. The role of the Common Law under equity jurisprudence in the Supreme Court interpretation and application of 42 U.S.C. § 1983, grants a cause of action for violations of constitutional Rights committed "under color of any [state] Statute, ordinance, regulation, custom or usage."

18. Over the centuries the Common Law of torts has developed a set of rules to implement the principle that a person should be compensated fairly for injuries caused by the violation of their legal Rights.

19. Thus, to determine whether there is a bar to the present suit, we must look to the Common Law of torts. (*Memphis Community School District v. Stachura*, 477 U.S. 299, 305 (1986); *Carey v. Piphus*, 435 U.S. 247, 257-58 (1978).

## PARTIES

20. Plaintiff, Ralph Frascatore, is a proper Party Plaintiff to this action as the one who suffered the adverse void judgment based upon the acts of the Defendants, and each of them, to deceive the Court. Plaintiff is located at 4711 Madison Avenue, Trumbull, Connecticut 06611.

21. Defendant, WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY IN ITS CAPACITY AS OWNER TRUSTEE OF MATEWAN VENTURES TRUST SERIES 2018-1; WILMINGTON SAVINGS FUND SOCIETY, FSB, AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST V-D, hereinafter "WILMINGTON", is a proper Party Defendant and is being sued as a corporate person pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Defendant WILMINGTON's business address is located at 500 Delaware Avenue, Wilmington, DE 19081.

22. Defendant, BANK OF AMERICA, N.A., hereinafter, the "BOA", as "Servicer" of the improper Party Plaintiff in the foreclosure action is a proper Party Defendant herein that is known to be located at 100 North Tryon Street, Charlotte, N.C. 28202.

23. Defendant, FEDERAL NATIONAL MORTGAGE ASSOCIATION, hereinafter, "FANNIE MAE" is a proper Party Defendant herein that is known to be located at 1100 15th Street, NW, Washington, D.C. 20005.

24. Defendant, KEITH KEATING FULLER, ESQ., hereinafter, "FULLER", is a proper Party Defendant herein that is known to be located at 5300 Bigelow Commons, Enfield, CT 06082.

25. Defendant, JUDGE WALTER M. SPADER, hereinafter, "SPADER", is a proper Party Defendant herein that is known to be located at 1061 Main Street, Bridgeport, CT 06604.

## GENERAL ALLEGATIONS

26. The Defendants, Keith Fuller and Wilmington, offered into evidence, as "Exhibit C" in its Motion for Summary Judgment in the foreclosure action, an assignment of mortgage, recorded on the Land Records of the Town of Trumbull in Volume 1508 at Page 491, which was allegedly executed on September 17, 2009. Said assignment was executed by Benjamin T. Staskiewicz as "Assistant Secretary and Vice President" of "Mortgage Electronic Registration Systems, Inc., as Nominee for Commerce Bank, N.A.", but who was actually employed by Hunt Leibert Jacobson PC (now McCalla Raymer Leibert Pierce) at the time he executed said assignment. (See Exhibit 1)

27. I went to the Trumbull Land Records office to get unredacted copies of my mortgage and assignments of mortgage where I discovered the "MIN" number. "MIN" stands for "MERS Identification Number, which is used to track changes to the Mortgage Servicer and the Investor, or owner, of the mortgage and debt. I discovered that the Plaintiff, Wilmington Savings Fund Society, is not the servicer or owner of our loan. The Servicer is Bank of America, N.A. and the owner is the Federal National Mortgage Association, or "Fannie Mae". (See Exhibit 2)

28. _Citibank, N.A., Trustee v. Stein, 186 Conn. App. 224, 244 (2018)_, which in part reads as such: "The court cited the statutory and common-law definitions of "holder." General Statutes § 42a-3-104 (a)provides, in relevant part, that a holder is "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." "The holder is the person or entity in possession of the instrument if the instrument is payable to bearer. When an instrument is endorsed in blank, it becomes payable to bearer and may be negotiated

by transfer of possession alone ." (Citations omitted; footnote omitted; internal quotation marks omitted.) Equity One, Inc. v. Shivers,310 Conn. 119, 126, 74 A.3d 1225 (2013). ***The court concluded, therefore, that because Citibank was the holder of the note, it had proved that it was the owner because "the note holder is presumed to be the owner of the debt, and underlined***the presumption is rebutted, may***foreclose the mortgage under [General Statutes] § 49-17."***

29. I rebutted the presumption of ownership via a motion to dismiss for lack of standing and lack of subject matter jurisdiction, filed on November 11, 2021. (See Exhibit 3) My motion to dismiss was denied by Judge Spader, without a hearing, on November 23, 2021, which effectively acted as a denial of my right to due process under the Constitution of the United States.

30. In summation, I proved to the court, in the foreclosure case, that the plaintiff was not the proper party in interest. Because the Federal National Mortgage Association (Fannie Mae) owns my mortgage and note, not Wilmington Savings Fund Society, the defendant  lender had no standing to commence the  foreclosure action and the defendant, Judge Spader, had no jurisdiction over the subject matter to enter any orders in that case yet he acted without authority to displace us from our family home and is actively working in conjunction with defendants Wilmington and Fuller to illegally transfer ownership of the subject property.

## CLAIMS FOR RELIEF

## COUNT I

## VOID JUDGMENT

## BY DEPRIVATION OF RIGHTS UNDER COLOR OF LAW PURSUANT TO 42 U.S.C. § 1983

31. Plaintiff re-iterates the facts, points of law and argument as delineated in line items 1 through 24 herein and makes claim of my injury from deprivation of Rights under Color of Law that are protected by the Constitution of the United States of America, and clearly established State Law.

32. At all times relevant herein, the conduct of all Defendant(s), and each of them, are subject to Title 42 U.S.C. §§ 1983, 1985 & 1986.

33. The Rights which Plaintiff claims I am being deprived of under Color of Law include, but are not limited to, the "Bundle of Rights" for the property Defendant(s), and each of them, have unjustly foreclosed upon. More specifically:

   (1) The Right of Possession of my property.

   (2) The Right to the Control of my property.

   (3) The Right of the Enjoyment of my property.

   (4) The Right of Exclusion and Privacy of my property.

   (5) and the Right of Disposition of my property.

   (6) Denial of the equitable remedy of foreclosure and invalidation of the note and mortgage.

   (7) Compensatory damages.

   (8) Common law punitive damages.

   (9) Attorney's fees, costs of litigation and such other and further relief as in law and equity may pertain.

## COUNT II

## CONSPIRACY TO COMMIT FRAUD AND INTENTIONAL INTERFERENCE OF PERSON PURSUANT TO 42 U.S.C. §§ 1983 & 1985

34. Plaintiff re-iterates the facts, points of law and argument as delineated in line items 1 through 27 herein, and makes claim that Defendant(s), and each of them, by their acts individually and collectively, conspired to intercept, co-opt or invalidate the integrity and solvency of Plaintiff's Mortgage (Title) and Promissory Note at the inception of the purchasing agreement through fraudulent conversion of said security instruments without lawful justification, and deprive me of the use and possession thereof for their unjust enrichment.

35. Defendant(s), and each of them, deprived Plaintiff of constitutionally protected Rights, privileges and immunities by conspiring and acting in collusion to defraud Plaintiff of my property Rights through, material alteration of my security instruments, obstruction of justice in their omission or concealment of material facts pertaining to my Mortgage Agreement and Promissory Note.

36. Defendant(s), and each them, are guilty of conspiracy when they act in collusion to commit an unlawful act with the purpose of promoting or facilitating such unlawful act; agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes the commission of such unlawful act; or agrees to aid such other person or person in the planning or commission of such unlawful act, or attempt solicitation to commit such unlawful act.

37. Defendant(s), and each of them, conspired to deprive Plaintiff of constitutionally protected Rights under Color of Law through the initiation and implementation of a fraudulent foreclosure proceeding that culminated in an adverse judgment against Plaintiff in the foreclosure action in the State Superior Court.

38. Defendant(s), and each of them, knew or should have reasonably known that their acts of conspiracy and collusion to omit, avoid or falsify the disclosure of documents and information required by law to be submitted were in violation of 42 U.S.C. §§ 1985 & 1986.

## COUNT III

## LACK OF STANDING/WRONGFUL FORECLOSURE THROUGH FRAUDULENT FORGERY OF PLAINTIFF'S ASSIGNMENT OF MORTGAGE

39. Plaintiff re-iterates the facts, points of law and argument as delineated in line items 1 through 32 herein, and makes claim that an actual justiciable controversy exists between Plaintiff and Defendant(s), and each of them, regarding their respective Rights and duties, in that Plaintiff incontrovertibly contends that Defendant(s), and each of them, did not have the Right to foreclose on the subject property concerning this instant action because the Defendant(s), and each of them, at no time relevant to this or the previous State Superior Court action, have any tenable and irrefutable security interest in Plaintiff's property, and they cannot indisputably prove to the Court that they have a valid security interest as a real Proper Party with Standing to foreclose on Plaintiff's property.

40. Thus, the purported power and authority to foreclose and sell Plaintiff's property, by the within specified Defendant(s), and each of them, does not effectively apply to them.

41. Plaintiff has affirmatively asserted within this Complaint that Defendant(s), and each of them, have effectively rendered null and void the security instruments which are collateralized by my property through their fraudulent acts, *ab initio* and *nunc pro tunc*.

42. Therefore Defendant(s), and each of them, had no Standing to foreclose Plaintiff's Mortgage and property interests, and the procurement of their foreclosure judgment was and is effectively perpetrated through fraud upon the Court and fraudulent conversion of Plaintiff's chattel paper and property.

43. Fraudulent conversion is the unlawful and wrongful exercise of dominion, ownership or control over the property of another to the exclusion of the exercise of the same Rights by the Owner, either permanently, or for an indefinite time. (*Pugh v. Hassell*, 1952, 206 Okl. 290, 291).

44. Therefore Defendant(s), and each of them, did not have Standing to invoke the State Court's jurisdiction to foreclose upon Plaintiff's property interests, and the foreclosure judgment rendered by said Court is void as a matter of law.

45. Plaintiff re-alleges all facts and law It is Plaintiff's reasonable belief that the unlawful initiation of the State Court foreclosure action was done with malice or with reckless disregard or indifference to the law and the federally protected rights of Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff hereby respectfully requests that this Court:

A.   Grant a permanent injunction enjoining the Defendants, its Officers, Successors, Assigns, Agents and employees in active concert with the Defendants or with participation with dispossessing Plaintiff of his property.

B.   Order the Defendants, and each of them, to make Plaintiff whole again by providing compensation for past and future pecuniary losses resulting from the unlawful void foreclosure described herein, including, but not limited to actual monetary damages in the amount of $500,000.00.

C.   Order the Defendants to make Plaintiff whole again by providing compensation for past and future non-pecuniary losses for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and humiliation.

D.   Order the Defendants to pay Plaintiff punitive damages for its malicious and/or reckless conduct described herein, in amounts to be determined at trial.

E.   For the above specified remedies and relief Plaintiff respectfully seeks compensatory monetary damages amounting to One Million Dollars $1,000,000.00.

F.   Plaintiff also respectfully requests that this Court grant such other and further relief as the Court deems necessary and proper in the public interest; and

G.   Award the Plaintiff with the costs for this action including Attorney's fees.

Jury Trial Demanded by Plaintiff for All Issues Triable by Jury.

Date: February 7, 2022.

State of Connecticut, County Fairfield.

Respectfully,

Ralph Frascatore
4711 Madison Avenue
Trumbull, CT 06611

# EXHIBIT 1

After recording please return to:
HUNT LEIBERT JACOBSON PC
50 Weston Street
Hartford CT 06120

VOL 1 5 0 8 PAGE 0 4 9 1



**ASSIGNMENT OF MORTGAGE**

Doc ID: 002196340001 Type: LAN
Book 1508 Page 491
File# 2158

KNOW YE THAT **Mortgage Electronic Registration Systems, Inc. as Nominee for Commerce Bank, N.A.,** ("Assignor"), having an office and place of business at 3300 SW 34th Avenue, Suite 101, Ocala, FL 34474 for the consideration of One Dollar and other valuable considerations, does hereby assign to **BAC Home Loans Servicing, L.P.** ("Assignee"), having an address of 101 South Tryon Street, Charlotte, NC 28255, its successors, and assigns forever, all the right, title, interest, claim, and demand whatsoever as the said Assignor has or ought to have in or to a certain mortgage from Ralph R. Frascatore and Laurie A. Frascatore to Mortgage Electronic Registration Systems, Inc. as Nominee for Commerce Bank, N.A. dated July 19, 2007 and recorded on July 24, 2007 in Volume 1435 at Page 55 of the Trumbull Land Records, in or to the property described in said mortgage deed situated in the Town of Trumbull, County of Fairfield and State of Connecticut, without warranty or representation by, or recourse to, said Assignor.

TO HAVE AND TO HOLD the premises, with all the appurtenances, unto the said Assignee, its successors and assigns forever, so that neither the Assignor nor its successors, nor any other person under it or them shall hereafter have any claim, right or title in or to the premises, or any part thereof; but therefrom it is and they are by these presents forever barred and secluded.

IN WITNESS WHEREOF, on the 17th day of September, 2009 said corporation has caused this deed to be executed and delivered, and its corporate seal to be hereto affixed in its behalf by Benjamin T. Staskiewicz, who is duly authorized and empowered.

Signed, sealed and delivered
In the presence of:

By
Givin Munusso
Kamp Standing

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AS NOMINEE FOR
COMMERCE BANK, N.A.

By:
Benjamin T. Staskiewicz

Its: Assistant Secretary and
Vice President

ACKNOWLEDGMENT

State of Connecticut
County of Hartford

On September 17, 2009 before me, Jill L. Turner, personally appeared Benjamin T. Staskiewicz, Assistant Secretary and Vice President of MERS, Inc. who provided to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he has executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

Signature
Jill L. Turner

VOL 1 6 5 7 PAGE 0 4 6 7

04424

Doc ID:    003214800001 Type: LAN
Book 1657 Page 467
File# 4424

Recording Requested By:
**Bank of America**
Prepared By: Anne-Marie Calderon
800-444-4302

When recorded mail to:
CoreLogic
Mail Stop: ASGN
1 CoreLogic Drive
Westlake, TX 76262-9823



DocID#       37516209397410774

Property Address:

4711 Madison Avenue
Trumbull, CT 06611-1731
CT0-AM  24949156   1/14/2014  GT0430D

This space for Recorder's use

## ASSIGNMENT OF MORTGAGE

*For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is* **1800 TAPO CANYON ROAD, SIMI VALLEY, CA 93063** *does hereby grant, sell, assign, transfer and convey unto* **GREEN TREE SERVICING LLC** *whose address is* **7360 S. KYRENE ROAD, TEMPE, AZ 85283** *all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.*

| | |
|---|---|
| Original Lender: | **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COMMERCE BANK, N.A., ITS SUCCESSORS AND ASSIGNS** |
| Borrower(s): | **RALPH R. FRASCATORE AND LAURIE A. FRASCATORE** |
| Date of Mortgage: | **7/19/2007** |
| Original Loan Amount: | **$263,750.00** |

Recorded in **Trumbull Township, CT** on: 7/24/2007, book **1435**, page **55** and instrument number **484**

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on
JAN 14 2014

Bank of America, N.A., successor by merger to BAC Home
Loans Servicing, LP

By: _____
          Manuel Paredes          ,
          Assistant Vice President

Witness: _____ Nahreen Malek _____

Witness: _____ Karen Sarlo _____

State of **California**
County of **Los Angeles**

On ___ JAN 14 2014 ___ before me, _____ Evette Ohanian _____ , Notary Public, personally appeared
_____ Manuel Paredes _____ , who proved to me on the basis of satisfactory evidence to be the person (s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing

2376

VOL 1 7 7 4 PAGE 0 5 3 5



Doc ID:   004794080002 Type: LAN
Book 1774 Page 535 - 536
File# 2376

Prepared By and Return To:
Kathleen Collins
Collateral Department
Meridian Asset Services, LLC
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
(727) 497-4650

_____ Space above for Recorder's use _____

7053400

### ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **DITECH FINANCIAL LLC FKA GREEN TREE SERVICING LLC SOMETIMES KNOWN AS GREEN TREE SERVICES LLC**, whose address is **345 ST. PETER STREET, ST. PAUL, MN 55102**, (ASSIGNOR), does hereby grant, assign and transfer to **WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST**, whose address is **C/O PRETIUM MORTGAGE CREDIT MANAGEMENT, 120 SOUTH SIXTH STREET, #2100, MINNEAPOLIS, MN 55402**, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain mortgage, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Mortgage: **7/19/2007**
Original Loan Amount: **$263,750.00**
Executed by (Borrower(s)): **RALPH R. FRASCATORE & LAURIE A. FRASCATORE**
Original Lender: **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COMMERCE BANK, N.A., ITS SUCCESSORS AND ASSIGNS**
Filed of Record:  In Mortgage Book/Liber/Volume **1435**, Page **0055**,
Document/Instrument No: **484** in the Recording District of **TOWN OF TRUMBULL, CT**, Recorded on **7/24/2007**.

Property more commonly described as: **4711 MADISON AVENUE, TRUMBULL, CONNECTICUT 06611**

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date: _____8/28/18_____

**DITECH FINANCIAL LLC FKA GREEN TREE SERVICING LLC SOMETIMES KNOWN AS GREEN TREE SERVICES LLC, BY PRETIUM MORTGAGE CREDIT PARTNERS I LOAN ACQUISITION, LP, ITS ATTORNEY-IN-FACT**

By: **BRYAN SAUER**                               Witness Name: **CALVIN MEYER**
Title: **AUTHORIZED SIGNATORY**

2785782

VOL I 7 7 4 PAGE 0 5 3 6

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

State of      **MINNESOTA**
County of     **HENNEPIN**

On      **8-28-18**      , before me, **THU VAN WITTMANN**, a Notary Public, personally appeared **BRYAN SAUER, AUTHORIZED SIGNATORY of/for PRETIUM MORTGAGE CREDIT PARTNERS I LOAN ACQUISITION, LP, AS ATTORNEY-IN-FACT FOR DITECH FINANCIAL LLC FKA GREEN TREE SERVICING LLC SOMETIMES KNOWN AS GREEN TREE SERVICES LLC**, personally known to me, or who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.  I certify under PENALTY OF PERJURY under the laws of the State of **MINNESOTA** that the foregoing paragraph is true and correct.  I further certify BRYAN SAUER, signed, sealed, attested and delivered this document as a voluntary act in my presence.

Witness my hand and official seal.

*Thu Van Wittmann*

(Notary Name): **THU VAN WITTMANN**
My commission expires: **01/31/2023**

THU VAN WITTMANN
Notary Public
State of Minnesota
My Commission Expires
January 31, 2023

TOWN CLERK OFFICE, TRUMBULL, CT OCT 1 1 2018
RECEIVED FOR RECORD
AT 9:48 A. M. ATTEST
TOWN CLERK

2785782

**VOL 1785 PAGE 0090**

8142


Doc ID: 004889590002 Type: LAN
Book 1785 Page 90 - 91
File# 8142

Prepared By and Return To:
Kathleen Collins
Collateral Department
Meridian Asset Services, LLC
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
(727) 497-4650
*new* 190796257
674330                                    Space above for Recorder's use


7946215

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST**, whose address is **C/O PRETIUM MORTGAGE CREDIT MANAGEMENT, 120 SOUTH SIXTH STREET, #2100, MINNEAPOLIS, MN 55402**, (ASSIGNOR), does hereby grant, assign and transfer to **WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY IN ITS CAPACITY AS OWNER TRUSTEE OF MATAWIN VENTURES TRUST SERIES 2018-1**, whose address is **333 SOUTH ANITA DRIVE STE 400, ORANGE, CA 92868**, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain mortgage, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Mortgage: **7/19/2007**
Original Loan Amount: **$263,750.00**
Executed by (Borrower(s)): **RALPH R. FRASCATORE & LAURIE A. FRASCATORE**
Original Lender: **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COMMERCE BANK, N.A., ITS SUCCESSORS AND ASSIGNS**
Filed of Record: In Mortgage Book/Liber/Volume **1435**, Page **0055**,
Document/Instrument No: **484** in the Recording District of **TOWN OF TRUMBULL, CT**, Recorded on **7/24/2007**.

Property more commonly described as: **4711 MADISON AVENUE, TRUMBULL, CONNECTICUT 06611**

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date: ____*1-3-19*____
*Roß recorded in Town Clerk Ledyard CT on 3/13/2019 as Instrument # 2019000412, Vol 573*
**WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY** *Page 175*
**BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST, BY PRETIUM MORTGAGE CREDIT MANAGEMENT, LLC, ITS ATTORNEY-IN-FACT**

By: **JASON KNAPP**                          Witness Name: ___*Cal Meyer*___
Title: **AUTHORIZED SIGNATORY**

2785782

VOL I 7 8 5 PAGE 0 0 9 1

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

State of      **MINNESOTA**
County of     **HENNEPIN**

On ___1 · 3 ·19___, before me, **THU VAN WITTMANN**, a Notary Public, personally appeared **JASON KNAPP, AUTHORIZED SIGNATORY of/for PRETIUM MORTGAGE CREDIT MANAGEMENT, LLC, AS ATTORNEY-IN-FACT FOR WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST**, personally known to me, or who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of **MINNESOTA** that the foregoing paragraph is true and correct. I further certify JASON KNAPP, signed, sealed, attested and delivered this document as a voluntary act in my presence.

Witness my hand and official seal.

_Thu Van Wittmann_

(Notary Name): **THU VAN WITTMANN**
My commission expires: **01/31/2023**

THU VAN WITTMANN
Notary Public
State of Minnesota
My Commission Expires
January 31, 2023

MAY ⸺ 1 2019

TOWN CLERK OFFICE, TRUMBULL, CT
RECEIVED FOR RECORD _____
AT _9:47_ A M. ATTEST _____
                        TOWN CLERK

VOL 1 7 9 9 PAGE 0 2 7 1



Doc ID: 004980370001 Type: LAN
Book 1799 Page 271
File# 2850

2850

**WHEN RECORDED MAIL TO:**
**AMIP Management**
3020 Old Ranch Parkway, Suite 180
Seal Beach, CA 90740
674330

_____ [Space Above This Line For Recording Data] _____

# ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, Wilmington Savings Fund Society, FSB, not in its individual capacity but solely in its capacity as Owner Trustee of Matawin Ventures Trust Series 2018-1, c/o Kondaur Capital Corporation, having an address of 333 South Anita Drive, Suite 400, Orange, CA 92868, hereby assigns, and transfers to Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-C, c/o AMIP Management 3020 Old Ranch Parkway #180, Seal Beach, CA 90740, all its right, title and interest in and to that certain Mortgage executed by Ralph R. Frascatore and Laurie A. Frascatore, with an original principal amount of $263,750.00 to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Commerce Bank, N.A., and bearing the date of July 19, 2007 and recorded as Instrument # 001829940013 in Book 1435, Page 0055 on July 24, 2007 of Official Records in the Town Recorder's office of Town of Trumbull, State of Connecticut.

Commonly known as: 4711 MADISON AVENUE, TOWN OF TRUMBULL, CT 06611
APN/Parcel Number: C060008400

_IN WITNESS WHEREOF_, the Assignor has caused these presents to be signed by its duly authorized officer this 22nd day of May, 2019.

**Wilmington Savings Fund Society, FSB, not in its individual capacity but solely in its capacity as Owner Trustee of Matawin Ventures Trust Series 2018-1, By Kondaur Capital Corporation, as Separate Trustee**

By: _____
Name: Hanh Nguyen
Title:  Collateral Manager

Witness_____                    Witness_____
Name: Duy Ho                               Name: Tim Tang

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                     )
COUNTY OF ORANGE                        )SS.

On May 22, 2019 before me, _____ J. Pooke _____, Notary Public, personally appeared
Hanh Nguyen who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me and that he/she/they executed the same in his/her/their

VOL I 7 9 9 PAGE 0 2 7 2



Doc ID: 004980380001 Type: LAN
Book 1799 Page 272
File# 2851

Recording Requested By/Return To:
AMIP Management
Attn: Dena Noble
3020 Old Ranch Pkwy #180
Seal Beach, CA 90740

2851

Servicer Ln: 674330

### ASSIGNMENT OF OPEN-END MORTGAGE DEED

For Value Received, **WILMINGTON SAVINGS FUND SOCIETY, FSB, AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST V-C** (herein "Assignor") whose address is is 3020 OLD RANCH PARKWAY, STE 180, SEAL BEACH, CA 90740, does hereby grant, sell, assign, transfer and convey, unto **WILMINGTON SAVINGS FUND SOCIETY, FSB, AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST V-D**, (herein "Assignee"), whose address is 3020 OLD RANCH PARKWAY, STE 180, SEAL BEACH, CA 90740, a certain described OPEN-END MORTGAGE DEED, together with the note(s) and obligations therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such OPEN-END MORTGAGE DEED.

OPEN END OPEN-END MORTGAGE DEED  FROM RALPH R. FRASCATORE AND LAURIE A. FRASCATORE, TO MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ACTING SOLELY AS NOMINEE FOR COMMERCE BANK, N.A., AMOUNTING TO $263,750.00, DATED 07/19/2007   FILED FOR RECORD 07/24/2007, AND RECORDED IN INSTRUMENT 484, BOOK 1435 PAGE 55 IN TOWN OF FAIRFIELD COUNTY RECORDS. OF THE TOWN OF TRUMBULL LAND RECORDS., STATE OF CONNECTICUT

Property Address: **4711 MADISON AVENUE, TOWN OF TRUMBULL, CT 06611**
This property is located in the township of

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of OPEN-END MORTGAGE DEED on November 5 , 2019

**WILMINGTON SAVINGS FUND SOCIETY, FSB, AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST V-C**
By: American Mortgage Investment Partners Management, LLC, its Attorney-in-Fact

By: _____
Dena Noble
Vice President, Collateral Management

> *A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.*

State of California
County of Orange

On 11/5/2019 before me, Valya Fisher, the undersigned Notary Public, personally appeared Dena Noble who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person or the entity upon behalf of which the person acted, executed the instrument.

I certify under penalty of perjury under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _____
Valya Fisher, Notary Public

VALYA FISHER
Notary Public · California
Orange County
Commission # 2283516
My Comm. Expires Mar 29, 2023

TOWN CLERK OFFICE, TRUMBULL, CT   NOV 1 8 2019

RECEIVED FOR RECORD _____   (Seal)
AT 12:17 P M. ATTEST _____ TOWN CLERK

Prepared by: Valya Fisher, AMIP Management, 3020 Old Ranch Pkwy, #180, Seal Beach, CA 90740 562-735-

: **STATE OF CONNECTICUT**

**RALPH FRASCATORE** : **DISTRICT COURT**

V.

**WILMINGTON SAVINGS FUND SOCIETY, FSB,
NOT IN ITS INDIVIDUAL CAPACITY BUT
SOLELY IN ITS CAPACITY AS OWNER TRUSTEE
OF MATEWAN VENTURES TRUST SERIES 2018-1;
WILMINGTON SAVINGS FUND SOCIETY, FSB,
AS OWNER TRUSTEE OF THE RESIDENTIAL
CREDIT OPPORTUNITIES TRUST V-D; BANK
OF AMERICA, N.A., AS SERVICER; FEDERAL
NATIONAL MORTGAGE ASSOCIATION
(FANNIE MAE), AS OWNER;
KEITH KEATING FULLER, ESQ.;
JUDGE WALTER M. SPADER, and
UNKNOWN OTHERS,** *et. al.*                                   : **FEBRUSRY 7, 2022**


## NOTICE OF LIS PENDENS


Notice is hereby given of the pendency of a civil action between the above named

plaintiff, Ralph Frascatorel, and against the defendants, Wilmington Savings Fund

Society, FSB, Keith Keating Fuller and Judge Walter M. Spader, by writ, summons and

complaint dated February 7, 2022, and made returnable to the United States District Court

for the District of Connecticut, which action is brought for Deprivation of Rights under the

Color of Law, in favor of the plaintiff Ralph Frascatore, and against the defendants,

Wilmington Savings Fund Society, FSB, Keith Keating Fuller and Judge Walter M.

Spader. Such action specifically requests the following:

1. The repayment.of.$ 180,000.000 for downpayment to purchase the subject property.
2. The repayment of $547,000.00 paid by Plaintiff to improve the subject property.
3. The amount in demand, exclusive of interest and costs, is more
   than Fifteen Thousand Dollars ($15,000.00)

The real property in which plaintiff claims an interest and in which defendant

Wilmington has an interest is that certain real property situated in the Town of Trumbull, County of Fairfield, and State of Connecticut, known as 4711 Madison Avenue, which real property is more particularly bounded and described as set forth in Exhibit A, attached hereto and incorporated by reference as if herein set forth verbatim.

VOL·1 4·3 5 PAGE·0 0·6 ·7

## SCHEDULE A

All that certain piece or parcel of land, with the buildings and improvements thereon, situated in the Town of Trumbull, County of Fairfield and State of Connecticut, known as Lot No. 19 as shown on a certain map entitled "Tashua Highlands", Map No. 1, in Trumbull, Conn., for Snyder Brothers, Inc., dated March 27, 1965, on file in the Office of the Trumbull Town Clerk as Map No. 1282, made by Frank C. Penny, Engineer and Surveyor, said lot being more particularly bounded and described as follows:

NORTHERLY:       by Station Hill by a broken line, as shown on said map, 272.04 feet;

NORTHEASTERLY:  by the intersection of Station Hill and Madison Avenue, by a curved line having a radius of 20 feet, and an arc distance of 31.42 feet;

EASTERLY:        by Madison Avenue, as shown on said map, 131 feet;

SOUTHERLY:       by land now or formerly of Snyder Brothers, Incorporated, as shown on said map, 291 feet;

WESTERLY:        by land now or formerly of Snyder Brothers, Incorporated, as shown on said map, 142.06 feet.

TOWN CLERK OFFICE, TRUMBULL, CT  JUL 2 4 2007
RECEIVED FOR RECORD
AT 3:00 M. ATTEST _____ TOWN CLERK

Dated at Trumbull, Connecticut, this 7th day of February, 2022.

The Plaintiff

Ralph Frascatore
4711 Madison Avenue
Trumbull, CT 06611