**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| RALPH FRASCATORE,<br>        *Plaintiff*,<br><br>        v.<br><br>WILMINGTON SAVINGS FUND<br>SOCIETY, FSB, NOT IN ITS INDIVIDUAL<br>CAPACITY BUT SOLELY IN ITS<br>CAPACITY AS OWNER TRUSTEE OF<br>MATEWAN VENTURES TRUST SERIES<br>2018-1, WILMINGTON SAVINGS FUND<br>SOCIETY, FSB, AS OWNER TRUSTEE OF<br>THE RESIDENTIAL CREDIT<br>OPPORTUNITIES TRUST V-D, BANK OF<br>AMERICA, N.A., FEDERAL NATIONAL<br>MORTGAGE ASSOCIATION, KEITH<br>KEATING FULLER, ESQ., and  WALTER<br>M. SPADER,<br>        *Defendants.* | No. 3:22-cv-00212 (VAB) |

**RULING AND ORDER ON MOTIONS TO DISMISS**

Ralph Frascatore ("Mr. Frascatore" or "Plaintiff"), proceeding *pro se*, has sued

Wilmington Savings Fund Society, FSB, Not in its Individual Capacity but solely in its Capacity

as Owner Trustee of Matewan Ventures Trust Series 2018–1 ("Matawin Ventures"[1]),

Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit

Opportunities Trust V-D ("Wilmington Savings"), Federal National Mortgage Association

("Fannie Mae"), Keith Keating Fuller, Esq. ("Mr. Fuller" or "Fuller"), and Judge Walter M.

Spader ("Judge Spader") (collectively the "Defendants"), asserting violations of 42 U.S.C. §§

---

[1] The Court notes that there is more than one spelling of "Matawin" in the submissions in this case. In this Ruling, the Court uses the spelling "Matawin," which is the spelling this Defendant used in its Notice of Joinder at 1, ECF No. 17 (Mar. 22, 2022).

1983 and 1985(3) and "Wrongful Foreclosure[.]" *See* Compl. at 9–12 ¶¶ 31–45, ECF No. 1 (Feb. 7, 2022) (Compl.).

Each Defendant, excluding Judge Spader, has filed a motion to dismiss the Complaint in its entirety under Federal Rules of Civil Procedure 12(b)(1), lack of subject matter jurisdiction, and 12(b)(6), failure to state a claim upon which relief can be granted. *See* Bank of America's Mot. to Dismiss Pl.'s Compl., ECF No. 13 (Mar. 15, 2022) ("Bank of America Mot. to Dismiss"); Fannie Mae's Mot. to Dismiss Pl.'s Compl., ECF No. 23 (Apr. 8, 2022) ("Fannie Mae Mot. to Dismiss"); Fuller's Mot. to Dismiss Pl.'s Compl., ECF No. 24 (Apr. 20, 2022); Fuller's Mem. of Law in Supp. of his Mot. to Dismiss, ECF No. 25 (Apr. 20, 2022) ("Fuller Mot. to Dismiss"); and Wilmington Savings's Mot. to Dismiss Pl.'s Compl., ECF No. 42 (Aug. 31, 2022) ("Wilmington Savings Mot. to Dismiss").[2] Wilmington Savings and Fuller additionally moved to dismiss the Complaint under Federal Rules of Civil Procedure 8(a)(2) and 12(b)(5) respectively. *See* Fuller Mot. to Dismiss at 1; Wilmington Savings Mot. to Dismiss at 1.

Mr. Frascatore filed an omnibus opposition to the motions to dismiss. *See* Opp'n to Mot. to Dismiss, ECF No. 37 (Aug. 16, 2022) ("Opp'n Motion"). Fuller submitted a reply in support of his motion to dismiss. *See* Reply to Pl.'s Opp'n to Mot. to Dismiss, ECF No. 38 (Aug. 23, 2022) ("Fuller Reply"). Fannie Mae also submitted a reply in support of its motion to dismiss. *See* Reply to Pl.'s Opp'n to Mot. to Dismiss, ECF No. 44 (Sep. 2, 2022) ("Fannie Mae Reply").

For the following reasons, Mr. Frascatore's claims against Judge Spader and the federal claims against all of the other Defendants are **DISMISSED** with prejudice.

The Court also declines to exercise supplemental jurisdiction over Mr. Frascatore's remaining state law claim.

---

[2] Matawin Ventures filed a Notice of Joinder to Bank of America's Motion to Dismiss. *See* Corrected Notice of Joinder to Motion, ECF No. 17 (Mar. 22, 2022). The Court granted that motion. *See* ECF No. 18 (Mar. 23, 2022).

As a result, all of the motions to dismiss filed by the Defendants are **GRANTED.**

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

     **A.  Factual Allegations**

Mr. Frascatore allegedly suffered an adverse action from a Connecticut State Superior Court foreclosure judgment ("Foreclosure Judgment"). *See* Compl. at 1.[3] Wilmington Savings, through its counsel Mr. Fuller, allegedly initiated the foreclosure action ("Foreclosure Action" or "Foreclosure Proceeding") in the County of Fairfield, Bridgeport. *Id.* at 1–2. State Superior Court Judge Walter M. Spader ("Judge Spader"), presided over the proceedings and rendered the Foreclosure Judgment. *Id.* at 2.

Wilmington Savings allegedly utilized "fraudulent practices" to obtain the Foreclosure Judgment. *Id*. at 4 ¶ 9. Specifically, during the Foreclosure Proceeding, Willington Savings, through its counsel, Mr. Fuller, allegedly offered into evidence in support of its motion for summary judgment an assignment of mortgage which was recorded on the Land Record of the Town of Trumbull. *Id.* at 7 ¶ 26. Mr. Frascatore allegedly went to the Trumbull Land Record Office and discovered that Wilmington savings was "not the servicer or owner" of Mr. Frascatore's mortgage. *Id.* at 7 ¶ 27. Rather, the assignment of mortgage allegedly showed that "[t]he Servicer is Bank of America, N.A. and the owner is Federal National Mortgage Association[.]" *Id*. at 7 ¶ 27.

Based on this information, Mr. Frascatore allegedly filed a motion to dismiss the Foreclosure Action "for lack of standing and lack subject matter jurisdiction . . . on November 11, 2021." *Id.* at 8 ¶ 29. In his motion to dismiss, Mr. Frascatore allegedly "proved to the court" that Wilmington savings "was not the proper party in interest[]" and that Fannie Mae "own[ed]

---

[3] The paragraph numbering starts on page 2 of the Complaint. The Court notes that the Complaint repeats paragraph numbers "1" and "2" two times. The Court's ruling refers to the paragraph numbers as used in the Complaint.

[the] mortgage and note[.]" *Id.* at 8 ¶ 30. According to Mr. Frascatore, Wilmington Savings,

therefore, "had no standing to commence the foreclosure action and . . . Judge Spader . . . had no

jurisdiction over the subject matter to enter any orders" in the Foreclosure Action. *Id.*

Judge Spader, notwithstanding the alleged lack of subject matter jurisdiction, denied Mr.

Frascatore's motion to dismiss "without a hearing . . . on November 23, 2021." *Id.* at 8 ¶ 29. In

so doing, Judge Spader allegedly "acted without authority to displace [Mr. Frascatore] from [his]

family home and [Judge Spader] is actively working in conjunction with defendants Wilmington

[Savings] and Fuller to illegally transfer ownership of the subject property." *Id.* at 8 ¶ 30.

### B.  Procedural History

On February 7, 2022, Mr. Frascatore filed this lawsuit against the Defendants alleging

violations of 42 U.S.C. §§ 1983 and 1985 and "Wrongful Foreclosure[.]" Compl. at 9–12 ¶¶ 31–

45.

On February 22, 2022, Mr. Frascatore filed a return of service indicating he had served

all Defendants. *See* First Return of Service, ECF No. 6.

One March 1, 2022, the Court entered an order noting that Mr. Frascatore's return of

service was unsigned, did not include copies of the certified mail, and therefore was deficient.

*See* Order, ECF No. 7.

On March 11, 2022, counsel appeared for Fannie Mae. *See* Notice of Appearance, ECF

No. 8. On the same day, Fannie Mae filed a motion for extension of time to file a response to the

Complaint. *See* Mot. For Extension of Time, ECF No. 9. The Court granted that motion on

March 16, 2022. *See* Order, ECF No. 14.

On March 15, 2022, counsel appeared for Bank of America. *See* Notice of Appearance,

ECF No. 11. On the same day, Bank of America filed a motion to dismiss the Complaint under

4

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Bank of America Mot. to Dismiss.

On March 21, 2022, counsel appeared for Matawin Ventures. *See* Notice of Appearance, ECF No. 11. The next day, on March 22, 2022, Matawin Ventures filed a Notice of Joinder to Bank of America's motion to dismiss. *See* Notice of Joinder, ECF No. 16.

On March 22, Matawin Ventures filed a corrected Notice of Joinder to Bank of American's motion to dismiss. *See* Corrected Notice of Joinder, ECF No. 16 ("Corrected Notice of Joinder"). The Court granted that motion on March 23, 2022. *See* ECF No. 18.

On March 30, 2022, counsel appeared for Mr. Fuller. *See* Notice of Appearance, ECF No. 19. The next day, Mr. Fuller filed a motion for extension of time to file a response to the Complaint. *See* Mot. for Extension of Time, ECF No. 20. The Court granted that motion on April 1, 2022. *See* ECF No. 21.

On April 8, 2022, Fannie Mae filed a motion to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Fannie Mae Mot. to Dismiss.

On April 20, 2022, Mr. Fuller filed a motion to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). *See* Fuller Mot. to Dismiss.

On July 6, 2022, counsel appeared for Wilmington Savings. *See* Notice of Appearance, ECF No. 32. On the same day, Mr. Fuller filed a motion for extension of time to file a response to the Complaint. *See* Mot. for Extension of Time, ECF No. 31. The Court granted that motion on July 11, 2022. *See* Order, ECF No. 33.

On July 27, 2022, the Court entered another order regarding service. *See* Order Re Service, ECF No. 34. Specifically, the Court noted that Mr. Frascatore did not cure the deficiency that the Court raised on March 1, 2022. *Id*. at 1. The Court further noted that Bank of America, Wilmington Savings, and Fuller have argued "improper service" as one of the bases for

dismissal in their respective motions to dismiss. *Id.* The Court ordered Mr. Frascatore to file a properly executed return of service on or before August 12, 2022, and warned that failure to do so may result in the dismissal of this case. *Id.* at 2.

On August 9, 2022, Mr. Frascatore filed a signed return of service. *See* Summons, ECF No. 36.

On August 16, 2022, Mr. Frascatore filed his opposition to the Defendants' motion to dismiss. *See* Opp'n Motion.

On August 23, 2022, Mr. Fuller filed a reply to in support of his motion to dismiss. *See* Fuller Reply.

On August 25, 2022, Fannie Mae filed a motion for extension of time to file a reply in support of its motion to dismiss. *See* Mot. for Extension of Time, ECF No. 39. The Court granted that motion on August 26, 2022. *See* Order, ECF No. 39.

On August 31, 2022, Wilmington Savings filed a second motion of extension of time to file responsive pleadings to the Complaint. *See* Mot. for Extension of Time, ECF No. 41. On the same day, Wilmington Savings filed a motion to dismiss the Complaint under Federal Rules of Civil Procedure 8(a)(2), 12(b)(1) and 12(b)(6). *See* Wilmington Savings Mot. to Dismiss.

On September 2, 2022, Fannie Mae filed a reply in support of its motion to dismiss. *See* Fannie Mae Reply.

On September 27, 2022, this case was transferred to this Court for all further proceedings. *See* ECF No. 48.

## II.    STANDARD OF REVIEW

### A.  Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rule

of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction over the claims. *Id.*

"When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000); *see also Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting *Sweet*, 235 F.3d at 83). The Court may also, however, resolve disputed jurisdictional fact issues "by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Karlen ex rel. J.K. v. Westport Bd. of Educ.*, 638 F. Supp. 2d 293, 298 (D. Conn. 2009) (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

### B.  Rule 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of

a cause of action will not do." (internal citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of New York.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

## III.    DISCUSSION

As an initial matter, counsel did not appear for Judge Spader in this case. It is unclear whether Mr. Frascatore properly served all of the Defendants, including Judge Spader. *See*

8

Order, ECF No. 7 (Mar. 1, 2022) (noting that "plaintiff's return of service is deficient" and ordering plaintiff to cure the deficiency.); Order Re Service, ECF No. 34 (Jul. 27, 2022) (indicating that plaintiff did not "file the requisite amended, signed return or service" and that failure to do so may result in the dismissal of the case.).

Nevertheless, the Court will address the legal claims against all Defendants without definitively resolving whether service was properly effectuated. The claims against Judge Spader and the remaining Defendants ("Private-Actor Defendants") will be addressed separately.

As another initial matter, Mr. Frascatore's Complaint appears to raise only three claims: (1) a claim under 42 U.S.C. § 1983 (Count I), Compl. at 9 ¶¶ 31–33; (2) a claim under 42 U.S.C. §§ 1983 and 1985 (Count II), Compl. at 10–11 ¶¶ 34–38; and (3) a lack of standing/wrongful foreclosure claim (Count III), Compl. at 11–12 ¶¶ 39–45. In the absence of diversity jurisdiction—Mr. Frascatore and at least two of the Defendants are plead as residents of Connecticut[4]—Mr. Frascatore must have a viable federal claim for this Court to have jurisdiction over this case. *See Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) ("[D]iversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships.").

As a result, if there is no basis in law for Mr. Frascatore's Section 1983 and combined Section 1985 and 1986 claims, the Court will have to consider whether to exercise supplemental jurisdiction over his lack of standing/wrongful foreclosure claim, a claim not apparently based on any federal statute, given the text of the Complaint itself. *See* Compl. at 11 ¶ 39 ("Defendant(s) . . . did not have the Right to foreclose on the subject property . . . because the Defendant(s) . . . at no time relevant to this or the previous State Superior Court action, have any tenable and

---

[4] *See* Compl. at 6–7 ¶¶ 24–25 ("Fuller … is known to be located at 5300 Bigelow Commons, Enfield, CT 06082[,]" and Judge Spader "is known to be located at 1061 Main Street, Bridgeport, CT 06604.").

irrefutable security interest in Plaintiff's property[.]").

### A.  Claims Against Judge Spader

Claims against "a judicial officer for an act or omission taken in such officer's judicial

capacity," are not cognizable under § 1983. 42 U.S.C. § 1983. *See also Mireles v. Waco*, 502

U.S. 9, 11 (1991). Whether an "act" by a judicial officer can be considered "judicial or

nonjudicial is a question of law for the court." *Patterson v. Rodgers*, 708 F. Supp. 2d 225, 235

(D. Conn. 2010) (citing *Leslie v. Mortg. Elec. Registration Sys., Inc.*, No. 3:05CV1725 AVC,

2006 WL 1980305, at *4 (D. Conn. July 12, 2006)). "An act is judicial if 'it is a function

normally performed by a judge, and . . . the parties . . . dealt with the judge in a judicial

capacity.'" *Leslie*, 2006 WL 1980305, at *4 (quoting *Mireles*, 502 U.S. at 12) (alternations in

original).

Mr. Frascatore alleges that "Judge Walter M. Spader was the presiding judge for the

foreclosure case who rendered the void judgment from lack of jurisdiction." Compl. at 1. For the

purposes of this Ruling, the Court accepts as true the allegation that Judge Spader presided over

the Foreclosure Action alleged to have caused Mr. Frascatore's injuries. *See York*, 286 F.3d at

125 ("[W]e construe the complaint in the light most favorable to the plaintiff, accepting the

complaint's allegations as true.").[5]

Mr. Frascatore asserts that Judge Spader "had no jurisdiction over the subject matter to

enter any orders" in the Foreclosure Proceeding. Compl. at 8 ¶ 30. According to Mr. Frascatore,

Judge Spader "acted without authority" when he entered a judgment against him. *Id*. Citing to

---

[5] The website for the Connecticut State Superior Court for the County of Fairfield does reflect that Judge Spader presided over the foreclosure proceeding at issue in this case. *See https://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=FBTCV196086165S* (last visited Oct. 18, 2022); *see also Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991) (holding that at the motion to dismiss stage, a district may "[o]f course . . . consider matters of which judicial notice may be taken under Fed. R. Evid. 201").

*Stump v. Sparkman*, 435 U.S. 349 (1978), Mr. Frascatore asserts Judge Spade is liable to him in civil suit because "[i]t is well settled that a judge who acts in the absence of subject matter jurisdiction is purged of immunity and may be held liable for his/her unlawful judicial acts[.]" *Id.* at 3 ¶ 5. And because Judge Spader also allegedly denied his motion to dismiss "without a hearing . . . which effectively acted as a denial of [his] right to due process under the Constitution of the United States," Compl. at 8 ¶ 29,[6] according to Mr. Frascatore, Judge Spade is liable under 42 U.S.C. §1983 for the alleged injuries resulting from the Foreclosure Judgment. *See id.* at 3 ¶ 5.

The Court disagrees.

Here, there is no dispute that Judge Spader presided over a legal action brought before him in his official capacity as a State of Connecticut Superior Court Judge. *See* Compl. at 2 ("Judge Walter M. Spader was the presiding judge for the foreclosure case[.]"). It also is not disputed that the Foreclosure Judgment that Judge Spader entered "is a function normally performed by a judge[.]" *Mireles*, 502 U.S. 9 at 12. Judge Spader entered a Foreclosure Judgment – which the Court takes judicial notice of – with all of the attributes of a judicial document: docket number (FBTCV196086165S); case caption (Wilmington Savings v. Frascatore); the name of the court (Judicial District of Fairfield at Bridgeport); the order ("The foregoing, having been heard by the Court, is hereby: . . . GRANTED"); and crucially, Judge Spader's signature ("Judge: Walter Michael Spader JR."). *See* Ex. 6 to Bank of America Mot. to Dismiss, ECF No. 13-7 at 2.

---

[6] Mr. Frascatore filed a motion captioned "Motion to Dismiss" in the state court proceeding after Judge Spader granted plaintiff's motion for summary judgment and entered the Foreclosure Judgment. *See* Bank of America Mot. to Dismiss at 9–10. The specific act that Mr. Frascatore appears to be challenging through this instant action is the denial of his "motion to dismiss," which Mr. Frascatore suggests is the basis of the Foreclosure Judgment. *See* Compl. at 8 ¶ 29 ("My motion to dismiss was denied by Judge Spader[.]"); *id.* ("I rebutted the presumption of ownership via a motion to dismiss for lack of standing and lack of subject matter jurisdiction[.]"); ¶ 30 ("I proved to the Court, in the foreclosure case, that the plaintiff was not the proper party in interest.").

Mr. Frascatore's allegations therefore "do nothing to pierce the immunity afforded" to a judicial officer, like Judge Spader, acting in his official capacity. *Patterson*, 708 F. Supp. 2d at 236. Even drawing all inferences in Mr. Frascatore's favor – as this Court must, at this stage of the case – and assuming that Judge Spader acted "in excess of [his] jurisdiction" when he allegedly disregarded Mr. Frascatore's argument that the plaintiff in the Foreclosure Action lacked standing to bring the suit, his allegations against Judge Spader fail, as a matter of law, because of judicial immunity. *Bradley v. Fisher*, 80 U.S. 335, 336 (1871). Indeed, the U.S. Supreme Court has long recognized that "[j]udges of courts of record of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Id*.

Mr. Frascatore's reliance on the U.S. Supreme Court's more recent decision in *Stump* does not save his otherwise doomed claims against Judge Spader. While it is true that a judge "will be subject to liability . . . when he has acted in the 'clear absence of all jurisdiction[,]'" *Stump*, 435 U.S. at 357 (quoting *Bradley*, 80 U.S. at 351), that is not the case here. The Connecticut Superior Court, where Judge Spade presided over the Foreclosure Action, "is a court of general jurisdiction." *Carten v. Carten*, 153 Conn. 603, 612 (1966). *See also* Conn. Gen. Stat. Ann. § 51-164s ("The Superior Court shall be the sole court of original jurisdiction for all causes of action, except such actions over which the courts of probate have original jurisdiction, as provided by statute."). The Connecticut Superior Court, of which Judge Spader is a judge, "has jurisdiction of all matters expressly committed to it, and of all other matters cognizable by any law court of which the exclusive jurisdiction is not given to some other court." *Carten*, 153 Conn. at 612 (quotation marks and citation omitted). Thus, "[t]here is no question that the Superior Court is authorized to hear foreclosure cases[,]" such as the Foreclosure Action that

Judge Spader presided over. *MTGLQ Invs., L.P. v. Hammons*, 196 Conn. App. 636, 643 *cert. denied*, 335 Conn. 950 (2020).

As a result, there is no legal basis for claiming that Judge Spader acted "in the clear absence of all jurisdiction[,]" when he presided over the Foreclosure Action and ruled on motions in connection with that proceeding. *Stump*, 435 U.S. at 357 (quoting *Bradley*, 80 U.S. at 351). Mr. Frascatore therefore fails to state any cognizable claim against Judge Spader, even if Judge Spader had been properly served.

Accordingly, Mr. Frascatore's claims against Judge Spader will be dismissed with prejudice.

### B.  The Claims Against the Private-Actor Defendants

To state a claim under 42 U.S.C § 1983, "a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) (citing *Spear v. Town of W. Hartford,* 954 F.2d 63, 68 (2d Cir.1992)). "[A] private actor acts under color of state law when the private actor 'is a willful participant in joint activity with the State or its agents.'" *Id.* at 234 (quoting *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152 (1970)). A plaintiff alleging a claim against a private entity on the basis of "section 1983 conspiracy theory . . . must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." *Spear*, 954 F.2d at 68.

To state a claim under § 1985(3), a plaintiff must allege: 1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or

deprived of any right or privilege of a citizen of the United States. *Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015) (citing *Britt v. Garcia*, 457 F.3d 264, 269 n. 4 (2d Cir.2006)) (quotation marks omitted).

Mr. Frascatore asserts violations of 42 U.S.C. §§ 1983 and 1985 and "Wrongful Foreclosure" against the Private-Actor defendants. *See* Compl. at 9–12 ¶¶ 31–45.

### 1. The Section 1983 and 1985(3) Claims Against Defendants Fannie Mae and Bank of America

"When analyzing allegations of state action, the Court must begin 'by identifying the specific conduct of which the plaintiff complains.'" *Young v. Suffolk Cnty.*, 705 F. Supp. 2d 183, 197 (E.D.N.Y. 2010) (quoting *Tancredi v. Metro. Life Ins. Co.,* 316 F.3d 308, 312 (2d Cir.2003)). The basis of Mr. Frascatore's §§ 1983, 1985(3) claims is the Foreclosure Judgment, which was the result of the Foreclosure Action. *See* Compl. at 1 ("[Plaintiff] seeking remedy and relief from promulgation of a void judgment in the Connecticut Superior Court[.]").

Fannie Mae and Bank of America argue that they were not parties to the Foreclosure Action. *See* Bank of American Mot. to Dismiss at 12 ("[Bank of America] is not a party to the Foreclosure Action or Judgment . . . that are the subject of the Complaint."); Fannie Mae Reply at 5 ("[Fannie Mae] was not a party to the state court foreclosure action."). Moreover, these Defendants argue that the Complaint "does not allege any wrongdoing" by them. Bank of American Mot. to Dismiss at 21; *see also* Fannie Mae Mot. to Dismiss at 10 ("There are no facts alleged that Fannie Mae did anything to the Plaintiff."). As result, the Could should dismiss the claims against them.

The Court agrees.

Mr. Frascatore effectively concedes that Fannie Mae and Bank of America were not parties to the Foreclosure Action that allegedly resulted in his injuries. *See* Compl. at 1–2 ("The

corporate entity Defendants . . . Wilmington Savings Fund Society FSB were the Plaintiff in the foreclosure case . . . Defendant Keith Keating Fuller, Esq. was the Plaintiff . . . and Judge Walter M. Spader was the presiding judge for the foreclosure case[.]"). The only references to Fannie Mae and Bank of America in the Complaint are the boilerplate assertions that Fannie Mae and Bank of America are "proper" parties to this suit, Compl. at 6 ¶¶ 22–23, and the conclusory allegations that Mr. Frascatore's mortgage was owned and serviced by Fannie Mae and Bank of America respectively, *id*. at 7, 8 ¶¶ 27, 30.[7]

Simply put, Mr. Frascatore does not "allege that he was injured[,]" by any acts of defendants Fannie Mae and Bank of America, nor does he allege any fact to suggest that Fannie Mae and Bank of America were "willful participant[s] in joint activity with the State or its agents." *Ciambriello*, 292 F.3d at 324 (citation omitted). The Complaint therefore fails to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 679 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.").

For the same reasons, Mr. Frascatore likewise fails to state a § 1985 claim against defendant Fannie Mae and Bank of America. 42 U.S.C. § 1985 requires, *inter alia*, a showing of "an act in furtherance of the conspiracy[.]" *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007); *see also Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) ("In order to maintain an action under Section 1985, a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." (citations and internal quotation marks omitted)). As discussed above, the Complaint does not allege any act by defendants Fannie Mae and Bank of America, much less acts that support "a meeting of the minds, such that defendants entered into an agreement,

---

[7] *See also* Bank of American Mot. to Dismiss at 19 ("[Bank of America] does not hold or claim to hold any interest in the Note or Mortgage that are the subject of the Foreclosure Action, nor does BANA service Frascatore's Loan.").

express or tacit, to achieve the unlawful end." *Id.*[8]

Accordingly, Mr. Frascatore's § 1983 and § 1985(3) claims against defendants Fannie Mae and Bank of America will be dismissed.

### 2. The Section 1983 and 1985(3) Claims Against Fuller, Matawin Ventures,[9] and Wilmington Savings

Mr. Frascatore concedes that Fuller, Matawin Ventures, and Wilmington Savings are private actors. *See* Compl. at 1–2 ("The Corporate entity Defendants who are identified herein as Wilmington Savings Fund Society FSB[.] . . . Keith Keating Fuller, Esq. was the attorney representing the Plaintiff[.]"). Mr. Frascatore, however, argues that through the representation of Matawin Ventures, and later Wilmington Savings, Fuller was "effectively acting as a state actor[,]" *id.* at 4 ¶ 10, when—along with Matawin Ventures and Wilmington Savings—he "effectuated the facilitation of a foreclosure proceedings that was done under the Color of State law[,]" *id.* at 4 ¶ 11. In other words, Mr. Frascatore suggests by initiating a state court action, and securing a judgment from that action, Fuller, Matawin Ventures, and Wilmington Savings "acted in concert with the state actor to commit an unconstitutional act." *Spear*, 954 F.2d at 68.

In response, Fuller argues that as a private attorney, he does not become a state actor for the purposes of Section 1983, simply by having served as counsel to Wilmington Savings and

---

[8] Mr. Frascatore also fails to satisfy the other requirements under §1985(3), namely that there is "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws[.]" *Town of Henrietta,* 507 F.3d 778 at 791.

[9] State Court judicial records show that Matawin Ventures initiated the Foreclosure Action against Mr. Frascatore on May 17, 2019. *See* https://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=FBTCV196086165S (last visited Oct. 26, 2022). Thereafter, Wilmington Savings substituted as plaintiff in that Foreclosure Action, following an assignment of the mortgage. *Id.*

The Court also notes that Matawin Ventures did not file a motion to dismiss in this case, however, it filed a motion to join Bank of America's motion to dismiss. *See* ECF No. 17 at 2 (Mar. 22, 2022) ("Matawin [Ventures] hereby incorporates and adopts the arguments, statements, and exhibits filed by BANA in support of its Motion to Dismiss for its own motion to dismiss the Plaintiff's Complaint."). Having granted that motion, the Court will consider the arguments raised in Bank of America's motion to dismiss as if they were raised by Matawin Ventures.

Matawin Ventures in the Foreclosure Action. *See* Fuller Mot. to Dismiss at 13.

The Court agrees.

As the Second Circuit recognized, "merely by holding its courts open to litigation of complaints . . . [state courts] do[] not clothe persons who use its judicial processes with the authority of the state" such that they become state actors for the purposes of § 1983. *Stevens v. Frick*, 372 F.2d 378, 381 (2d Cir. 1967). The same is true here.

Matawin Ventures and later Wilmington Savings, through their counsel, Fuller, initiated the Foreclosure Action against Mr. Frascatore in State Court. The mere filing of the Foreclosure Action, "regardless of how baseless [the allegations] eventually proved to be," does not constitute state action for the purposes of § 1983. *Id.* Mr. Frascatore therefore fails to allege any fact to suggest that Fuller, Matawin Ventures and Wilmington Savings are "state actors" or that they acted in concert with a state agent to commit any unconstitutional acts against him.

Accordingly, the Court also will dismiss the § 1983 claims against these defendants.

Mr. Frascatore likewise fails to allege sufficient facts to support his § 1985(3) claim, namely that Fuller, Wilmington Savings, and Matawin Ventures "were part of a conspiracy" and that "the conspiracy was motivated by a racial or otherwise class-based invidious discriminatory animus." *Harnage v. Dzurenda*, No. 3:14-CV-885 (SRU), 2014 WL 3360342, at *2 (D. Conn. July 9, 2014). The Complaint makes several conclusory references of these defendants having committed "fraud." *See, e.g.*, Compl. at 4 ¶ 9 ("[Defendants] procured a judgment . . . based upon fraud upon the court perpetrated by their Attorney[]"); *id.* at 5 ¶ 15 ("[Defendants committed] fraud with malicious intent[]"); *id.* at 10 ¶ 35 ("[Defendants] act[ed] in collusion to defraud[]"). These conclusory accusations, however, do not set forth "plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Loc. 649 Annuity Tr.*

*Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Twombly,* 550 U.S. at 555).

Even assuming a conspiracy exits here, the Complaint does not allege any facts to suggest that said conspiracy "was motivated by a racial or otherwise class-based invidious discriminatory animus." *Harnage*, 2014 WL 3360342, at *2.

Accordingly, the Court will dismiss Mr. Frascatore's § 1985(3) claim against Defendants Fuller, Matawin Ventures, and Wilmington Savings for failure to state claim upon which relief can be granted.[10]

### 3.   The Wrongful Foreclosure Claim against Private-Actor Defendants

Because the Court will dismiss all federal claims against Defendants, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law wrongful foreclosure claim. *See* 28 U.S.C. § 1367(c)(3) (stating that if a federal court dismisses all federal claims, it may decline to exercise supplemental jurisdiction over supplemental state law claims); *Marcus v. AT&T Corp.,* 138 F.3d 46, 57 (2d Cir.1998) ("In general, where the federal claims are dismissed before

---

[10] Although not plead as a separate count in the Complaint, construing his Complaint liberally, Mr. Frascatore also appears to assert claims under 42 U.S.C. §§ 1986 and 1988. *See* Compl. at 11 ¶ 38 ("Defendant(s), and each of them, knew or should have reasonable known that their acts . . . were in violation of 42 U.S.C. §§ 1985 & 1986."); *id.* at 2 ¶2 ("1988 . . . Proceedings in vindication of Civil Rights[.]"). A claim under § 1986 is predicated on a violation of §1985. *See Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) ("[A] § 1986 claim must be predicated upon a valid § 1985 claim.") (citation omitted). Because the Court has dismissed the §1985 claim against the Defendants, to the extent that Mr. Frascatore's Complaint also asserts a §1986 claim, that claim likewise must be dismissed.

42 U.S.C. §1988 does not, on its own, confer a cause of action. *See Reeves v. Am. Optical Co.*, 408 F. Supp. 297, 302 (W.D.N.Y. 1976) ("[§1988] is procedural and will apply to the ongoing cause of action under 42 U.S.C. ss 2000e et seq." Therefore, to the extent that Mr. Frascatore is asserting a claim under 42 U.S.C. §1988, that claim is similarly dismissed.

Also, in the most cursory of references, Mr. Frascatore's Complaint states that: "This action is also authorized and instituted pursuant to 42 U.S.C. §§ 1981 and 1982." Compl. at 2 ¶ 2. But there is nothing in this Complaint which even remotely suggests a viable claim under either statute. *see Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)).

trial, the state claims should be dismissed as well."); *Sadler v. Rowland*, No. 3:01-cv-01786 (CFD), 2004 WL 2061518, at *8 (D. Conn. Sept. 13, 2004) ("The court has dismissed all federal claims against defendant Tokarz. Thus, the court declines to exercise jurisdiction over Sadler's state law claims against . . . Tokarz.").

Even if this Court did not decline to exercise supplemental jurisdiction over this remaining state law claim, under the Supreme Court's *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). When reviewing whether a case brought in district court is barred under *Rooker-Feldman*, the Second Circuit has instructed district courts in this Circuit to inquire whether "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites . . . review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (quotation marks omitted).

Mr. Frascatore alleges that Defendants "did not have the Right to foreclose" on his property because defendants lacked standing to initiate the proceedings. Compl. at 11 ¶ 39. As a result, Mr. Frascatore argues, the "foreclosure judgment rendered by [Superior] Court is void as a matter of law[.]" *Id*. at 12 ¶ 44. Mr. Frascatore asks this Court to "[g]rant a permanent injunction enjoining the Defendants . . . with participation with dispossessing Plaintiff of his property." Compl. at 13 ¶ A.

Mr. Frascatore also argues his claims are not subject to the *Rooker-Fieldman* doctrine

under the "fraud exception." Opp'n Motion at 6 ¶ 13. He suggests that his invocation of "fraud"

is sufficient to "present . . . [an] independent" ground for review of this claim. *Id.* According to

Mr. Frascatore, Defendants "had no Standing to foreclose Plaintiff's Mortgage and property

interests, and the procurement of their foreclosure judgment was and is effectively perpetrated

through fraud upon the Court and fraudulent conversion of Plaintiff's chattel paper and

property." Compl. at 12 ¶ 42.

The Private-Actor Defendants argue that Mr. Frascatore is in effect asking this Court to

conduct an appellate review of the Connecticut Superior Court's Foreclosure Judgment. *See*

Fuller Mot. to Dismiss at 7–12; Wilmington Savings Mot. to Dismiss at 5–6; Fannie Mae Mot. to

Dismiss at 4–5; Bank of America Mot. to Dismiss at 16–18. In particular, they argue that Judge

Spader considered and rejected the same arguments that Mr. Frascatore is now raising before this

Court: that the defendants lacked standing to bring the foreclosure claims. *See* Fuller Mot. to

Dismiss at 12 ("Plaintiff attempted to litigate and re-litigate (and re-litigate again) these exact

same issues not just once but on several occasions at the state court level."). According to the

Private-Actor Defendants, under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to

review Judge Spader's determination and enjoin the judgment. *Id.*

The Court agrees.

Each of the requirements under the *Rooker-Feldman* doctrine is met here. First, Mr.

Frascatore lost the state court Foreclosure Action, and then filed this case alleging an "adverse

judgment against" him. Compl. at 11 ¶ 37. Second, Mr. Frascatore is asking this Court to

"[g]rant a permanent injunction enjoining" the enforcement of that judgment. *Id.* at 13 ¶ A. Third

and fourth, to address Mr. Frascatore's wrongful foreclosure claim – one brought after the state

court's Foreclosure Judgment – the  Court would have  to "review the state proceedings and

determine that the foreclosure judgment was issued in error." *Vossbrinck v. Accredited Home Lenders, Inc*., 773 F.3d 423, 427 (2d Cir. 2014).

It is true that claims of fraud regarding a state court proceeding may not be "barred by *Rooker–Feldman*—because they seek damages from Defendants for injuries [] suffered from their alleged fraud, the adjudication of which does not require the federal court to sit in review of the state court judgment[.]" *Vossbrinck*, 773 F.3d at 427. This exception, however, is not a "blanket fraud exception to *Rooker–Feldman*." *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 187 (2d Cir. 1999).

In any event, the fraud exception, even if applicable, does not obviate the basic pleading requirements for fraud. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Allegations of fraud "must satisfy the [heightened] pleading requirements" of Federal Rules of Civil Procedure 9(b)." *Slainte Invs. Ltd. P'ship v. Jeffrey*, 142 F. Supp. 3d 239, 260 (D. Conn. 2015) (citing *Breiner v. Stone*, No. 96-9091, 1997 WL 416942, at *1 (2d Cir. July 25, 1997). A plaintiff alleging fraud must "'(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent.'" *Id.* (quoting *Financial Guar. Ins. Co. v. Putnam Advisory Co.*, 783 F.3d 395, 403 (2d Cir.2015)). "Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud." *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987) (citing *Natowitz v. Mehlman,* 542 F. Supp. 674, 676 (S.D.N.Y.1982)).

Mr. Frascatore's Complaint states: "[I]n accordance with FRCP Rule 9(b) Plaintiff has specified with particularity that the Defendant(s) . . . have perpetrated fraud . . . fraudulent conversion, fraud upon the Court, fraud in the conveyance of Plaintiff's property, and fraud with malicious intent . . . as evidenced by the facts, points of law and Exhibits attached[.]" Compl. at 5 ¶ 15. But these "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," however, fail to state a claim up which relief can be granted. *See Iqbal* 556 U.S. at 678.

Mr. Frascatore's entire allegation of fraud is that: "The Defendants . . . offered into evidence, as 'Exhibit C' in its Motion for Summary Judgment in the foreclosure action, an assignment of mortgage. . . . I went to the Trumbull Land Records office . . . where . . . I discovered that [the Defendants are] not the servicer or owner of our loan." Compl. at 7 ¶ 26. Mr. Frascatore does not, however, allege that the mortgage assignments were fraudulent. Rather, Mr. Frascatore alleges that the Defendants "has no standing to commence the foreclosure action" based on his review of the mortgage records. *Id.* at 8 ¶ 30. Far from constituting "fraud upon the Court," such disputes between litigants, such as whether a party has standing to pursue its claim, "is exactly what is expected in the normal adversary process." *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 96 (2d Cir. 2002); *see also A. B. Dick Co. v. Marr*, 95 F. Supp. 83, 99 (S.D.N.Y. 1950) ("If such [disputes] constitute[] fraud upon the courts, the courts are being defrauded every day.").

Accordingly, to the extent Mr. Frascatore's fraud claims would not have been barred by the *Rooker-Feldman* doctrine, the Court would have dismissed those claims under Federal Rules

of Civil Procedure 12(b)(6).[11]

## C.   Leave to Amend

As a general matter, "it is often appropriate for a district court, when granting a motion to dismiss for failure to state a claim, to give the plaintiff leave to file an amended complaint." *Van Buskirk v. N.Y. Times Co.*, 325 F.3d 87, 91 (2d Cir. 2003) (citing *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). And, for *pro se* litigants in particular, the Second Circuit has endorsed "relaxation of the limitations on the amendment of pleadings[.]" *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (citing *Holmes v. Goldin*, 615 F.2d 83, 85 (2d Cir. 1980) ("A *pro se* plaintiff . . . should be afforded an opportunity fairly freely to amend his complaint.")); *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) ("A *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (internal quotation marks, alterations, and citation omitted)).

But where there is no indication that pleading additional facts would resuscitate a claim that has been dismissed, the Court need not grant leave to amend. *See Grullon*, 720 F.3d at 140 ("Leave to amend may properly be denied if the amendment would be 'futil[e].'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend."); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("[W]e do not find that the complaint liberally read suggests that

---

[11] Fuller and Bank of America, joined by Wilmington Savings and Matawin Ventures, moved to dismiss the Complaint for improper service. *See* Fuller Mot. to Dismiss at 1; Bank of America Mot. to Dismiss at 1; Wilmington Savings Mot. to Dismiss at 1; Matawin Ventures, Amended Notice of Joinder at 1. Because the Court dismissed the claims against all Defendants on alternative grounds, the Court does not address those augments in this ruling. Likewise, the Court need not address Wilmington Savings's Federal Rules of Civil Procedure 8(a)2 argument.

the plaintiff has a claim that she has inadequately or inartfully pleaded. . . . The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it." (citations, internal quotation marks, and alterations omitted)).

Here, it would be futile to grant Mr. Frascatore leave to amend his Complaint to resuscitate his federal claims, where the primary deficiency in his pleadings is substantive, rather than the result of inartful pleading. As noted *supra* § III.B.1–2, Mr. Frascatore's claim under 42 U.S.C. § 1983 is barred, where he has sued private parties and cannot allege state action. *See Harris v. Shmira CHSP*, No. 20-CV-520 (AMD), 2020 WL 729708, at *2 (E.D.N.Y. Feb. 13, 2020) (finding that plaintiff's "claims are strictly about" private conduct and "amending the complaint would not cure that defect[.]"); *see also Costello v. Wells Fargo Bank NA*, No. 3:21-CV-01388 (VAB), 2022 WL 1912870, at *15 (D. Conn. June 3, 2022) (declining to grant leave to amend § 1983 claims against private actors because repleading would be futile).

Similarly, granting Mr. Frascatore's leave to amend his claims under 42 U.S.C. §1985(3) would be futile. There is no suggestion in the Complaint that there is a conspiracy, much less one that "was motivated by a racial or otherwise class-based invidious discriminatory animus." *Harnage*, 2014 WL 3360342 at *2.

Finally, as to Mr. Frascatore's state law claims, the Court has declined to exercise supplemental jurisdiction in the absence of diversity, in addition to the deficiencies in the pleadings. *See supra* § III.B.3. As a result, the Court "need not afford [opportunity to amend] here where it is clear from plaintiff's submission that [he] cannot establish a basis for this Court's subject matter jurisdiction and thus any attempt to amend the complaint would be futile." *Campbell v. Rosenblatt,* No. 15–CV–5169 (JG), 2015 WL 6965186, at *2 (E.D.N.Y. Nov. 10, 2015).

**IV.   CONCLUSION**

For the foregoing reasons, Mr. Frascatore's claims against Judge Spader and the federal claims against all of the other Defendants are **DISMISSED** with prejudice.

The Court also declines to exercise supplemental jurisdiction over Mr. Frascatore's remaining state law claim.

As a result, all of the motions to dismiss filed by the Defendants are **GRANTED.**

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 4th day of November, 2022.

/s/  Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE